**WEILER et al. v. GUARANTY TRUST CO. OF BUTLER et al.**

**McGREW v. GUARANTY TRUST CO. OF BUTLER et al.**

**Nos. 3422, 3423.**

Circuit Court of Appeals, Fourth Circuit.
April 11, 1933.

Harold K. Brooks, of Pittsburgh, Pa. (Cornelius D. Scully, of Pittsburgh, Pa., and H. L. Snyder, Jr., of Charleston, W. Va., on the brief), for appellants.

Lawrence L. McClure, of Huntington, W. Va. (Harold A. Ritz and Bernard J. Pettigrew, both of Charleston, W. Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

Case No. 3422.

This case grew out of a claim presented by a bondholder in proceedings instituted in the District Court against the Public Gas Corporation and its subsidiaries wherein two mortgages executed by the corporations on April 1, 1923, and April 1, 1925, respectively, were foreclosed and receivers were appointed to wind up their affairs. On April 1, 1926, these mortgagors and the Old Colony Oil & Gas Company, an affiliated corporation, executed another mortgage covering the same and additional properties to secure the payment of $4,000,000 of bonds, and suits to foreclose this mortgage and to wind up the corporation's affairs were consolidated with the original cause. The bonds secured by the second mortgage of April 1, 1925, consisted of an issue of $300,000, and were a second lien on the properties described. The Columbia Gas & Electric Company filed a claim in the proceedings based upon $146,000 of these second mortgage bonds, and made the statement that it had acquired them from one Fred P. Stegmaier under an agreement which provided that, if the bonds should be established in the foreclosure proceedings as valid outstanding bonds pledged as collateral for indebtedness hereinafter described, the Columbia Gas & Electric Corporation would pay to Stegmaier a specified sum as an addi-

tional purchase price thereof. The corporation neither asserted nor denied that the bonds had been so pledged as valid outstanding obligations, but left the prosecution of the claim to Stegmaier together with one Samuel B. Weiler from whom Stegmaier acquired the bonds. Testimony was taken, and the special master, to whom the case had been referred, found that the $146,000 were a part of a valid issue of $300,000 of second mortgage bonds, and that they had been pledged with Weiler as collateral security to secure the payment of two notes in the amount of $83,000, and that subsequently the mortgage of April 1, 1926, by the Old Colony Oil & Gas Company and other corporations, having been executed, the president of the corporate mortgagors delivered to Weiler bonds secured thereby in the sum of $150,000, and also a check of $5,000 to take the place of the $146,000 Public Gas Corporation second mortgage bonds, to the end that the latter might be redeemed; but the last-mentioned bonds were not surrendered by Weiler. The contention was made on behalf of the claimant that it was not intended that Weiler should surrender the Public Gas Corporation bonds for redemption, but should retain them together with the Old Colony bonds as additional security for his loan, and that he subsequently delivered them to Stegmaier, when the latter as indorser paid the notes. The special master found, contrary to this contention, that it was the intention of the parties to redeem the Public Gas Corporation bonds, and to substitute therefor the bonds of the Old Colony Oil & Gas Company, and the check of $5,000; and hence he held that neither Weiler nor Stegmaier nor the Columbia Gas & Electric Company had any right, title, or interest in the bonds, and that the claim should be dismissed. The finding of the special master was confirmed by the District Judge.

We have examined the testimony, and we find no error in this ruling, and the decree of the District Court is therefore affirmed.

### Case No. 3423.

A. B. McGrew, Jr., filed a claim in the proceedings described above in which he declared that he was the owner of $24,000 of the second mortgage bonds of the Public Gas Corporation and that he had obtained them from John E. Mahon & Co., agent for the Old Colony Oil & Gas Company, the Public Gas Corporation and its subsidiaries, as collateral security for loans made by him to John E. Mahon & Company for the account of the affiliated corporations, and that the loans had not been repaid to him. Previously Mahon had filed a claim based on the same bonds, and it had been disallowed. Testimony was taken before the special master, who reported that McGrew testified that he received the bonds from Mahon knowing that they were the property of the Public Gas Corporation, and was told by Mahon that the corporation was indebted to him and that he held the bonds as security for the debt, and that McGrew was taking only such right, title, or interest in the bonds as Mahon held. The special master also found, and it is not disputed, that at the time of the foreclosure proceedings, the corporations were not indebted to Mahon, but Mahon was indebted to them, and it was therefore held that neither Mahon nor McGrew had any right, title, or interest in the bonds, and the claim was dismissed. This conclusion was confirmed by the District Judge, and we are satisfied from our examination of the testimony that the conclusion was well founded. The testimony tended to show that Mahon was a broker who had authority to handle the bonds of the mortgagors and to borrow money on their behalf; but McGrew himself testified that he received the bonds from Mahon in November, 1928, and held them as security for certain money paid to Mahon as a loan to the Old Colony Oil & Gas Company. The fixing of this date by the claimant is conclusive of the case even if it should appear that McGrew received the bonds free from any counterclaim which the corporation might have against Mahon. For it is conceded that, prior to the delivery of the bonds to McGrew, default had been made in the payment of interest on the bonds and the foreclosure suit had been instituted and receivers for the Public Gas Corporation had been appointed by the District Court. It follows that any authority which Mahon previously had to borrow money as the agent of the corporation had terminated. McGrew therefore had no valid claim against the proceeds from the sale of the properties either as a creditor of Mahon or of the corporation.

The decree of the District Court is affirmed.